FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2017 FEB 17 PM 2:06

CLERK_____
SO. DIST OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

VALENCIA GARNER, )
)
    Plaintiff, )
)
v. )          CV417-025
)
CENTRAL INTELLIGENCE )
AGENCY, *et al.*, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Valencia Garner brings this action against a host of governmental and private defendants, none of whom reside in this district.[1] Doc. 1 at 3-5. Her claims arise from events that occurred in Fulton County, Georgia, *id.* at 5-6, which lies in the Northern District of Georgia, *see* 28 U.S.C. § 90. She also moves to proceed *in forma pauperis*. Doc. 2. For jurisdictional purposes only, her motion is **GRANTED**.

---

[1] Her complaint, which is largely gibberish, names as defendants: "Central Intelligence Agency / CIA / Office of Public Affairs," "Federal Bureau of Investigation and Federal Police / Special Agent George Crouch," "U.S. Attorney [] John Horn," former "Attorney General Loretta Lynch," "Marta [sic] Police Officer / L. Peeples," "Bus Operator George Bradley," and "Dr. Bennett J[.] Axelrod." Doc. 1 at 3-5

This case is just the latest in a series of frivolous suits Garner has filed that this Court has transferred or dismissed outright.[2] Her suits have all concerned events, to the extent that they are cogent, occurring in the Northern District of Georgia. The only plausible explanation for Garner's continuing to file such cases here is that she seeks to avoid an Order from that Court prohibiting her from filing lawsuits "without express written authorization by the designated duty judge." *Garner v. United States Government*, No. 1:10-cv-331-MHS, doc. 7 (N.D. Ga. Feb. 11, 2010). This Court has also warned Garner about frivolous filings. *See Garner*, CV414-023, doc. 3 at 2, n. 1 (warning of sanctions for further abusive frivolous filings); *Garner*, CV414-026, doc. 3 at 2 (requiring a $100 pre-filing bond, and stating "if that does not work, then stronger remedies may be required."). Despite those warnings, she is back with

---

[2]  *Garner v. United States Government / Federal Bureau of Investigation, et al.*, CV410-002, doc. 5 (S.D. Ga. Jan. 5, 2010); *Garner v. United States of America, et al.*, CV413-224, doc. 4 at 2 n. 2 (S.D. Ga. Nov. 4, 2013) (noting Northern District was proper forum but recommending dismissal for frivolity); *Garner v. United States of America, et al.*, CV413-251, doc. 4 (S.D. Ga. Nov. 21, 2013); *Garner v. United States of America*, CV414-023, doc. 3 (S.D. Ga. Feb. 26, 2014); *Garner v. Breeze Transportation, et al.*, CV414-026, doc. 4 (S.D. Ga. Feb. 26, 2014); *Garner v. United States Attorney, et al.*, CV416-195, doc. 4 (S.D. Ga. Nov. 15, 2016); *Garner v. U.S. Attorney, et al.*, CV416-238, doc. 3 (S.D. Ga. Sept. 14, 2016); *Garner v. Wells Fargo, et al.*, CV416-283, doc. 3 (S.D. Ga. Nov. 15, 2016); *Garner v. United States Attorney, et al.*, CV416-284, doc. 3 (S.D. Ga. Nov. 15, 2016).

2

another nonsensical Complaint concerning events in the Northern District.

Although this case could be transferred, *see* 28 U.S.C. § 1391(b)(venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects), doing so would only assist her implacable quest for filing frivolous lawsuits and thus defeat the Northern District's protective bar (transfers land her cases directly on that court's docket, bypassing its protective screen). As has oft been said before, frivolous filings, like Garner's, do nothing but impair this Court's ability to adjudicate the legitimate claims of other litigants, and the Court has the power and obligation to protect itself. *See, e.g., Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986). And it's obvious that this Court's previous warnings have not deterred Garner from continuing to waste judicial resources.

More forceful action is thus warranted here. First, Garner's current Complaint should be **DISMISSED WITH PREJUDICE** because it is facially frivolous. Second, the following restrictions should apply:

1. For any future civil actions sought to be commenced *in forma pauperis* ("IFP") by Garner, the Clerk shall receive the papers,

open a single miscellaneous file for tracking purposes, and forward the papers to the presiding judge for a determination as to whether Garner qualifies for IFP status and whether she has stated a claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be **DISMISSED** without any further judicial action 30 days from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future IFP application and Complaint that plaintiff endeavors to file, it will not necessarily enter an order addressing the IFP application or complaint. If no order is forthcoming, then 30 after the Complaint's receipt the Clerk shall, without awaiting any further direction, notify Garner that her case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

2. The Clerk shall not docket any further motions or papers in this case. The Clerk also shall not docket any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal shall be returned to Garner unfiled. If Garner files a notice of appeal, the Clerk shall forward a copy of this Report and Recommendation, the final disposition of this case by the district judge, the notice of appeal, and the dismissed complaint to the Court of Appeals. Garner shall remain responsible for appellate filing fees or she may move this Court to grant IFP status on appeal.

3. To ensure that all future pleadings filed by Garner are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Garner are immediately assigned and forwarded to the presiding district

judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Garner may file a motion to modify or rescind the imposition of these restrictions no earlier than 1 year from the date of this Report and Recommendation.

5. These filing restrictions do not apply to any criminal case in which Garner is named as a defendant or to any proper application for a writ of habeas corpus.[3]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

---

[3]  The Court has been successfully managing other malicious serial filers with this method. *See, e.g., Williams v. Darden,* 2016 WL 6139926 (S.D. Ga. Oct. 21, 2016) *Fields v. Terminal,* 2016 WL 823020 (S.D. Ga. Feb. 26, 2016); *Hurt v. Zimmerman,* CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015); *Robbins v. Universal Music Grp.,* 2015 WL 171443 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Long,* 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014).

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this _17th_ day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA